CLD-051                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3039
_____

IN RE:  PETER DIPIETRO,
                                                   Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 1-19-cv-12709)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 21,2019
Before: JORDAN, KRAUSE and MATEY, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  November 26, 2019)
_____

OPINION[*]
_____

PER CURIAM

     Pro se petitioner Peter DiPietro has filed a petition in this Court entitled "Claim for

a Writ of Procedendo," seeking to compel the District Court to grant relief in the habeas

action that he filed on May 20, 2019.  DiPietro claims in that proceeding that he has been

unlawfully incarcerated and detained by the State of New Jersey concerning non-criminal

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

statutory charges (including child support debts, driving while suspended, contempt of court, and filing a false lien against a public official). He asserts that the State of New Jersey has no jurisdiction over him and that he must be released immediately. On July 15, 2019, DiPietro then filed in the District Court a motion for summary judgment, seeking the dismissal of the matters against him and an injunction on any future proceedings. His motion also seeks damages relief pursuant to 42 U.S.C. § 1983 in the amount of 54 million dollars. On August 28, 2019, DiPietro filed a "Claim for a Writ of Procedendo" in the District Court,[1] which this Court also received and filed several days later. In it, DiPietro describes his extensive prior litigation history before the District Court as well as in this Court, as well as his displeasure with the outcomes,[2] and he insists that this Court must grant the relief he now seeks.

The Clerk construed DiPietro's "Claim for a Writ of Procedendo" as a petition for a writ of mandamus, as do we. DiPietro seeks an order directing the District Court to adjudicate his habeas action and related motions for damages in his favor. In support, DiPietro argues that "[t]he time to adjudicate the petitioner's Writ has lapsed," Mandamus Petition ¶4, and that he is entitled to damages and dismissal of the State of New Jersey's actions against him.

---

constitute binding precedent.

[1] This document appears on the District Court's docket as an exhibit to DiPietro's summary judgment motion.

[2] Among other things, he accuses this Court of error and corruption in denying his mandamus petition filed at C.A. No. 19-2001, characterizing as "a joke" this Court's

Ordinarily, a District Court has discretion in managing its case docket.  See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982).  However, some delays are so intolerable as to constitute a denial of due process or a failure by the District Court to exercise jurisdiction; mandamus relief may be appropriate under those circumstances.  See Madden v. Meyers, 102 F.3d 74, 79 (3d Cir. 1996).  Mandamus is a drastic remedy available only in the most extraordinary of circumstances.  See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).  A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable."  See Madden, 102 F.3d at 79.

DiPietro's case does not warrant our intervention.  He filed his habeas petition about six months ago and his claims for damages about four months ago.  He filed this mandamus petition less than two months later.  On this record, although there has been no action in his case since that time, we cannot conclude that DiPietro's situation is in any way extraordinary or that he has shown a clear and indisputable right to mandamus relief.  We are confident that the District Court will adjudicate DiPietro's habeas action and pending motions without undue delay.

Accordingly, we will deny DiPietro's mandamus petition.

---

reasoning that mandamus relief was not appropriate as a substitute for appeal.